JEFFREY A. TOPOR (SBN 195545)
jtopor@snllp.com
CHRISTOPHER M. SPAIN (SBN 265465)
cspain@snllp.com
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile: (415) 352-2625

Attorneys for Defendant
AllianceOne Receivables
Management, Inc.

UNITED STATES DISTRICT COURT

CENTAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| TAM LE, an individual,<br><br>        Plaintiff,<br><br>    vs.<br><br>ALLIANCE ONE RECEIVEABLES,<br><br>        Defendant.<br><br>_____ | CASE NO.: 8:13-cv-00838-DOC-JPR<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**<br><br>Date: December 16, 2013<br>Time: 8:30 a.m.<br>Courtroom: 9D<br><br>The Honorable David O. Carter |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that on Monday, December 16, 2013 at 8:30 a.m. in courtroom 9D of the above Court, located at 411 West Fourth Street, Santa Ana, California 92701, the Honorable David O. Carter presiding, defendant AllianceOne Receivables Management, Inc. ("AllianceOne"), erroneously sued as Alliance One Receiveables, will and hereby does move this Court for an Order, pursuant to Rule 56 of the Federal Rules of Civil Procedure, granting summary judgment in its favor.

This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on September 19, 2013 when the undersigned Counsel for AllianceOne attempted to contact Plaintiff via email.  A copy of the September 19, 2013 email is attached hereto as "**Exhibit A.**"  The parties further met and conferred over the phone on September 26, 2013.  This motion is made on the grounds that there is no competent admissible evidence to show that AllianceOne engaged in any conduct in violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq*.

The Motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in Support of the Motion, the Declaration of Roy Buchholz, all of the other papers on file in this action, and such other and further evidence or argument as the Court may allow.


DATED: September 27, 2013          SIMMONDS & NARITA LLP
                                   JEFFREY A. TOPOR
                                   CHRISTOPHER M. SPAIN


                                   By:   s/Christopher M. Spain
                                         Christopher M. Spain
                                         Attorneys for Defendant
                                         AllianceOne Receivables
                                         Management, Inc.

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2

**I.     INTRODUCTION**

3     After plaintiff Tam Le ("Plaintiff") stopped paying on his Citibank, N.A.

4 ("Citibank") credit card account (the "Account"), Citibank referred the Account to

5 defendant AllianceOne Receivables Management, Inc. ("AllianceOne") for

6 collection.  Instead of paying the account, Plaintiff sued AllianceOne, alleging that it

7 violated the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA" or "the

8 Act").  Plaintiff's sole factual allegation is that AllianceOne obtained his consumer

9 credit report "without permissible purpose" because "[a]t no time did Plaintiff ever

10 have a relationship of any kind with [AllianceOne]."  The undisputed evidence

11 establishes that AllianceOne had a permissible purpose under the FCRA for

12 accessing Plaintiff's credit report: skip tracing and attempting to collect a debt.

13 AllianceOne is entitled to summary judgment as a matter of law.

14

15

**II.     STATEMENT OF FACTS**

16

17
    **A.     Plaintiff's Citibank Account Was Referred to AllianceOne For
          Collection**

18     AllianceOne is a full service, broad spectrum provider of Accounts Receivable

19 Management, Outsourcing and Call Center solutions.  *See* Declaration of Roy

20 Buchholz In Support of Defendant's Motion for Summary Judgment ("Buchholz

21 Decl."), at ¶ 2.  As part of the collection process, AllianceOne corresponds with and

22 telephones debtors.  To ensure that it has accurate addresses and telephone numbers

23 for the debtors from whom it attempts to collect, AllianceOne engages in "skip

24 tracing," a process designed to obtain or confirm location information.  One source

25 that AllianceOne uses in this process is Experian, a consumer credit reporting

26 agency, which issues consumer credit reports.  *See id.* at ¶ 3.

27

28

On February 25, 2010, AllianceOne entered into a subscriber service agreement with Experian, certifying and warranting that it would request and use credit information received from Experian in compliance with all federal, state and local laws, rules, regulations and decisions. *See id.* at ¶ 4.  On August 11, 2010, AllianceOne separately certified to Experian that it would comply with all requirements of the FCRA, and that it would use consumer credit information it obtained from Experian solely in connection with credit transactions or for other "permissible purposes," as defined by the FCRA.  AllianceOne further certified and warranted that it would request and use information received from Experian solely in connection with transactions involving the consumer as to whom such information was sought, and would not request or use such information for purposes prohibited by law. *See id.* at ¶ 5.

On October 8, 2012, pursuant to a written agreement and as part of the normal course of business between the parties, Citibank, N.A. ("Citibank") referred Plaintiff's delinquent account to AllianceOne for collection. *See id.* at ¶ 2.  Accordingly, AllianceOne reasonably believed Plaintiff owed a debt to Citibank. *See id.*  Also on October 8, AllianceOne ordered a copy of Plaintiff's consumer credit report from Experian. *See id.* at ¶ 6.  AllianceOne's intent in obtaining Plaintiff's credit report was to confirm that it had the correct contact information for Plaintiff, which it needed to contact him regarding payment of the Account, and as part of its analysis into Plaintiff's ability to repay the Account. *See id.*  Subsequently, AllianceOne attempted to contact Plaintiff by telephone, and on October 9, 2012, sent him correspondence informing him, among other things, that Citibank had referred his account to AllianceOne for collection. *See id.* at ¶ 7.

## B.    Allegations Of The Complaint

Plaintiff alleges that on October 9, 2012, AllianceOne "obtained Plaintiff's Experia [sic] consumer credit reports [sic] without permissible purpose" because "[a]t no time did Plaintiff ever have a relationship of any kind with [AllianceOne]."

1   *See* Complaint (Doc. No. 1-1), ¶¶ 6-7.  Based on AllianceOne's review of Plaintiff's

2   credit report, Plaintiff alleges that AllianceOne willfully and negligently violated the

3   FCRA.  *See id.*  at ¶¶ 12-19.

4

5   **III.   ARGUMENT**

6          **A.   Standards Governing Summary Judgment**

7          Summary judgment "shall" be granted if "there is no genuine dispute as to any

8   material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ.

9   P. 56(a).  As the moving party, AllianceOne may discharge its burden by "'showing'

10  – that is, pointing out to the district court – that there is an absence of evidence to

11  support the nonmoving party's case."  *See Celotex Corp. v. Catrett*, 477 U.S. 317,

12  325 (1986); *accord Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001)

13  (quoting *Celotex*).

14         To survive this motion for summary judgment, Plaintiff "must present

15  competent evidence that creates a genuine issue of material fact."  *See Federal*

16  *Election Comm'n v. Toledano*, 317 F.3d 939, 950 (9th Cir. 2002).  The materiality of

17  a fact is determined by the underlying substantive law.  *See State of Calif., on Behalf*

18  *of Calif. Dept. of Toxic Substances Control v. Campbell*, 138 F.3d 772, 782 (9th Cir.

19  1998).  "In short, 'summary judgment is appropriate if, on the record as a whole, a

20  rational trier of fact could not find for the non-moving party.'"  *Durkin v. Equifax*

21  *Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (affirming summary judgment

22  on FDCPA claims).

23         **B.   A "User" May Obtain Or Use A Consumer's Credit Report If The**

24  **User Has A Permissible Purpose For Obtaining Or Using The**
    **Report**

25         Congress passed the FCRA as part of its efforts to balance the legitimate needs

26  of users of consumer information (like AllianceOne) with its concern for protecting

27  consumer privacy.  *See* 15 U.S.C. §§ 1681(a), (b); *Gorman v. Wolpoff & Abramson,*

28  *LLP*, 584 F.3d 1147, 1153-54 (9th Cir. 2009).  The FCRA was aimed at curbing the

1  industry's worst abuses – it was not designed to prohibit all access to a consumer's

2  credit file.  "The Fair Credit Reporting Act . . . was 'a product of political

3  compromise enacted for the specific purpose of curbing only the *worst abuses* by the

4  credit reporting industry and its clients."  *See Riley v. Equifax Credit Info. Servs.,*

5  *Inc.*, 194 F. Supp. 2d 1239, 1244 (S.D. Ala. 2002) (quoted citation omitted and

6  emphasis added).

7        To further these competing interests, the FCRA governs how consumer credit

8  information may be gathered, disseminated and used.  A "consumer reporting agency

9  ["CRA"] may furnish a consumer report" if the consumer provides written

10  permission.  *See* 15 U.S.C. § 1681b(a)(2).  A consumer's consent to the release and

11  use of the information, however, is not required.  *See Hyde v. RDA, Inc.*, 389 F.

12  Supp. 2d 658, 663 n.1 (D. Md. 2005).

13        Instead, "[t]he FCRA allows a party to obtain a consumer credit report without

14  the consumer's consent or knowledge if that party certifies that the report is being

15  pulled for a permissible purpose."  *Stergiopoulos v. First Midwest Bancorp., Inc.*,

16  2004 WL 5550488, *2 (N.D. Ill. June 23, 2004), *aff'd* 427 F.3d 1043 (7th Cir. 2005);

17  *accord Murray v. Sunrise Chevrolet, Inc.*, 441 F. Supp. 2d 940, 945 (N.D. Ill. 2006)

18  ("Under FCRA, a consumer's credit report may only be obtained with the consumer's

19  written consent **or** for certain permissible purposes." (emphasis added)); *Gamble v.*

20  *Citifinancial and Landers*, 2002 WL 31643028, *2 (D. Conn. Nov. 19, 2002)

21  ("Under the FCRA, there are circumstances pursuant to which a consumer's credit

22  report may be obtained without the consent or even the knowledge of the

23  complaint."); 16 C.F.R. Pt. 600, App (2005) ("When permissible purposes exist,

24  parties may obtain, and consumer reporting agencies may furnish, consumer reports

25  without the consumers' permission or over their objection.").  Congress set forth six

26  permissible purposes under which a CRA may furnish a consumer report.  *See* 15

27  U.S.C. § 1681b(a)(3)(A-F).

28

As relevant here, the FCRA provides that a CRA may "furnish a consumer report . . . [t]o a person[1] which it has reason to believe":

> intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review *or collection of an account of, the consumer*;

*Id.* § 1681b(a)(3)(A) (italics added). A "person" may "use or obtain a consumer report" if the report "is obtained for a purpose for which a consumer report is authorized to be furnished under this section." *Id.* § 1681b(f)(1).

Taken together then, sections 1681b(a)(3)(A) and 1681b(f)(1) permit "distribution of a consumer report to an entity that 'intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, *or review or collection of an account of, the consumer.*'" *See Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 34 (3d Cir. 2011) (italics in original) (quoting 15 U.S.C. § 1681b(a)(3)(A))*; see also Thomas v. U.S. Bank, N.A.*, 325 F. App'x 592, 593 (9th Cir. 2009) (affirming summary judgment of plaintiff's claim under 15 U.S.C. § 1681b(f) because "requesting a credit report with the intent to collect on a debt is among the 'permissible purposes' listed in the FCRA."); *Thomas v. Nelson Watson & Associates, LLC*, 2013 WL 781964, *3 (C.D. Cal. Mar. 1, 2013) (granting summary judgment because "15 U.S.C. § 1681b(a)(3)(A) expressly permits distribution of a consumer report to an entity that 'intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer.'"); *Clymer v. Discover Bank*, 2011 WL 3319542, *4 (C.D. Cal. July 29, 2011) (same); *Rodriguez v. Cavalry Portfolio Servs., LLC*, 2012 WL 726474, *1

---

[1]   A "person" is "any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity." 15 U.S.C. § 1681a(b).

(S.D. Cal. Mar. 6, 2012) ("A debt collector may access a consumer's credit report in the course of collecting a credit card debt from that consumer."); *Baker v. Trans Union LLC*, 2010 WL 2104622, *7 (D. Ariz. May 25, 2010) (FCRA allows "persons who intend to use credit information to collect a debt owed by the consumer" to obtain and use consumer reports from CRAs, even if the consumer has not consented to the release of the report.); *Miller v. Wolpoff & Abramson, LLP*, 2007 WL 2694607 (N.D. Ill. Sept. 7, 2007) (holding "debt collection" is a permissible purpose under 15 U.S.C. § 1681b(a)(3)(A)); *Great Seneca Fin. Corp. v. Fisher*, 2005 WL 1875664, *2 (D. Kan. Aug. 8, 2005) (creditor may obtain consumer report under § 1681b(a)(3)(A) "without the debtor's permission if the creditor 'intends to use the information in connection with . . . review or collection' of consumer's account).[2] "'Whether a permissible purpose existed is a question of law.'" *Miller v. Rubin & Rothman, LLC*, 2011 WL 4359977, *3 (D. Minn. Sept. 19, 2011), quoting *Breese v. TRIADvantage Credit Servs., Inc.*, 393 F. Supp. 2d 819, 821 (D. Minn. 2005).

The Court's analysis of Plaintiff's claim that AllianceOne obtained his credit report without a permissible purpose must focus on AllianceOne's "intent" for obtaining his credit information. *See Trikas v. Universal Card Servs. Corp.*, 351 F. Supp. 2d 37, 42 (E.D.N.Y. 2005); *see also Shepherd-Salgado v. Tyndall Fed. Credit Union*, 2011 WL 5401993, n 12 (S.D. Ala. Nov. 7, 2011) ("The larger point that bears emphasis is that § 1681b(a)(3)(A) turns on the user's intent, not on what the actual true facts may be."). "[S]o long as a user has reason to believe that a permissible purpose exists, that user may obtain a consumer report without violating the FCRA." *Korotki v. Attorney Servs. Corp. Inc.*, 931 F. Supp. 1269, 1276 (D. Md.

---

[2] Even persons who merely desire to determine whether a debt is collectible may obtain and use a consumer report under section 1681b(a)(3)(A). *See Washington v. South Shore Bank*, 2004 WL 2038425, *5 (N.D. Ill. Aug. 27, 2004) (concluding that "obtaining a credit report to determine . . . whether a creditor should even pursue a delinquent debt" is a permissible purpose).

1996), *aff'd sub nom. Korotki v. Thomas, Ronald & Cooper, P.A.*, 131 F.3d 135 (4th Cir. 1997); *see also Alston v. Central Credit Servs., Inc.*, 2013 WL 4543364, *2 (D. Md. Aug. 26, 2013) ("[I]f a user had a reason to believe that a consumer owed a debt, it would have a permissible purpose to access the consumer's credit report."); *Grant v. RJM Acquisitions Funding, LLC*, 2013 WL 3071249, *1 (N.D. Ill. June 18, 2013) (same); *Pinson v. Monarch Recovery Mgmt., Inc.*, 2013 WL 961308, *2 (S.D. Fla. Mar. 12, 2013) (same); *Harkins v. Diversified Collection Servs., Inc.*, 2012 WL 5928997, *3 (D. Md. Nov. 26, 2012) (same); *Robinson v. Greystone Alliance, LLC*, 2011 WL 2601573, *3 (D. Md. June 29, 2011) (same).  "Indeed, even where defendants have made a good faith mistake in pulling a consumer report, there is no violation of the FCRA."  *Boston v. Collection Co. of Am.*, 2013 WL 170401, *2 (W.D.N.C. Jan. 16, 2013).

### C.   The Undisputed Evidence Establishes That AllianceOne Had A Permissible Purpose For Accessing Plaintiff's Consumer Report

Plaintiff's FCRA claim is based on a single factual allegation:  "On October 9, 2012, Defendant obtained Plaintiff's Experia [sic] consumer credit reports without permissible purpose" because "[a]t no time did Plaintiff ever have a relationship of any kind with [AllianceOne]."  *See* Complaint (Doc. No. 1-1) at ¶¶ 6-7.  The incontrovertible evidence establishes that Citibank referred Plaintiff's account to AllianceOne for collection.  Accordingly, AllianceOne had the requisite permissible purpose when it requested Plaintiff's credit report from Experian.

Debt collection and "skip tracing" – which are the only reasons that AllianceOne would have accessed Plaintiff's credit report – are both permissible purposes under section 1681b(a)(3)(A) of the Act.  *See Blair v. Bank of Am., N.A.*, 2012 WL 860411, *9 (D. Or. Mar. 13, 2012) (permissible to access credit report in connection with collection of debt); *Rodriguez*, 2012 WL 726474 at *1 ("A debt collector may access a consumer's credit report in the course of collecting a credit card debt from that consumer."); *Baker*, 2010 WL 2104622 at *7 ("Because skip-

tracers are in the business of locating debtors to facilitate the collection of debts by creditors," the court explained, "their practices fall within the scope of permissible purposes under § 1681b(a)(3)(A)."); *McNall v. Credit Bureau of Josephine County*, 689 F. Supp. 2d 1265, 1273 (D. Or. 2010) (rejecting argument that "running a credit report to obtain" consumer's address was not a permissible purpose); *Great Seneca Fin. Corp.*, 2005 WL 1875664 at *2; *Washington*, 2004 WL 2038425 at *5; *Wilson v. Sessoms*, 1998 WL 35305548, *4 (M.D.N.C. Mar. 16, 1998) (recognizing that skip tracing "is generally a permissible purpose under the FCRA").

Here, on October 8, 2012, Citibank referred Plaintiff's account to AllianceOne for collection.  *See* Buchholz Decl. at ¶ 2.  Citibank's placement of the account with AllianceOne was made pursuant to a written agreement and part of the normal course of business between the parties.  *See id*.  Accordingly, AllianceOne had reason to believe that Plaintiff owed the debt to Citibank.  *See id*.  When AllianceOne obtained Plaintiff's credit report from Experian on October 8, 2012, its intent was to confirm his contact information, and to ascertain whether he had the capability to repay his debts.  *See id.* at ¶ 6.  AllianceOne then tried to reach Plaintiff by telephone, and on October 9, 2012, sent him correspondence informing him, among other things, that Citibank had referred his account to AllianceOne for collection.  *See id.* at ¶ 7.  AllianceOne indisputably had a permissible purpose for obtaining Plaintiff's credit report.  There is no evidence that Plaintiff can point to that would prove his claim that AllianceOne lacked a permissible purpose for pulling his credit report.  AllianceOne is entitled to summary judgment.

## III.  **CONCLUSION**

For the foregoing reasons, AllianceOne respectfully requests that the Court issue an Order granting summary judgment in its favor, pursuant to Rule 56 of the Federal Rules of Civil Procedure.

1

2      DATED: September 27, 2013          SIMMONDS & NARITA LLP
                                          JEFFREY A. TOPOR
3                                         CHRISTOPHER M. SPAIN

4                                         By:   s/Christopher M. Spain
                                                Christopher M. Spain
5                                               Attorneys for Defendant
                                                AllianceOne Receivables
6                                               Management, Inc.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

**Christopher Spain**

---

| | |
|---|---|
| **From:** | Christopher Spain |
| **Sent:** | Thursday, September 19, 2013 3:22 PM |
| **To:** | Tam Le (ttle83ss@yahoo.com) |
| **Cc:** | Jeffrey Topor |
| **Subject:** | Le v. AllianceOne - Attempt to Meet and Confer Re: Defendant's Motion for Summary Judgment |

Mr. Le,

Pursuant to LR 7-3, I would like to meet and confer with you regarding AllianceOne's intent to file a motion for summary judgment in your case.  Please let me know if you are available tomorrow, Friday, September 20th to discuss.  If you are not available tomorrow, please provide me with times you are available next week.

Thank you,

Christopher M. Spain
Simmonds & Narita LLP
44 Montgomery Street, Suite 3010
San Francisco, California  94104
Direct line (415) 283.1012
Main Line (415) 283.1000
Fax (415) 352.2625
email:  cspain@snllp.com
www.snllp.com

*********************************************************************************
This message contains information which may be confidential and privileged.
Unless you are the addressee (or authorized to receive for the addressee), you
may not use, copy or disclose to anyone the message or any information
contained in the message. If you have received the message in error, please
advise the sender by reply e-mail @snllp.com, and delete the message.
Thank you very much.
*********************************************************************************